NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

SHAUN GOURDINE,                    :
                                   :  Civil Action No. 07-3894 (JLL)
          Plaintiff,               :
                                   :
     v.                            :  OPINION
                                   :
DANA SCARILLO,                     :
                                   :
          Defendant.               :

APPEARANCES:

     SHAUN GOURDINE, Plaintiff Pro Se
     # 192563
     Hudson County Jail
     35 Hackensack Avenue
     Kearny, New Jersey 07032

**LINARES**, District Judge

     Plaintiff Shaun Gourdine, currently confined at the Hudson County Jail in Kearny, New Jersey, seeks to bring this action in forma pauperis pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Plaintiff initially submitted his Complaint without a complete application to proceed in forma pauperis ("IFP"). On August 23, 2007, this Court issued an Order denying Plaintiff's IFP application without prejudice, and administratively terminating the action. The Order also gave Plaintiff thirty (30) days to submit a complete IFP application with his prison account statement and affidavit of indigency if he wished to re-open his case.

On September 24, 2007, Plaintiff submitted a complete IFP application with his six-month prison account statement and a letter request to re-open his case. It appearing that Plaintiff qualifies to proceed in forma pauperis, the Court will grant Plaintiff's application to proceed as an indigent and will direct the Clerk of the Court to re-open this matter, and file the Complaint without prepayment of fees.

Having reviewed the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief, the Court concludes that this action should be dismissed.

### I.   BACKGROUND

The following factual allegations are taken from the Complaint, and are accepted for purposes of this screening only. The Court has made no findings as to the veracity of Plaintiff's allegations.

Plaintiff Shaun Gourdine ("Gourdine") names Dana Scarillo, an attorney, as a defendant in his Complaint. Gourdine simply alleges that: "Lawyer received fee but refuse[d] to produce labor [and] refuse[d] to file bail motion and give refund." It would appear that Gourdine is asserting a claim of deficient representation.

2

II. <u>STANDARDS FOR A SUA SPONTE DISMISSAL</u>

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding <u>in forma pauperis</u> or seeks redress against a governmental employee or entity. The Court is required to identify cognizable claims and to <u>sua sponte</u> dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

In determining the sufficiency of a <u>pro se</u> complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972); <u>United States v. Day</u>, 969 F.2d 39, 42 (3d Cir. 1992). The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." <u>Morse v. Lower Merion School Dist.</u>, 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, credit a <u>pro se</u> plaintiff's "bald assertions" or "legal conclusions." <u>Id.</u>

A <u>pro se</u> complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle

3

him to relief.'" <u>Haines</u>, 404 U.S. at 521 (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)); <u>Milhouse v. Carlson</u>, 652 F.2d 371, 373 (3d Cir. 1981). However, where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. <u>Denton v. Hernandez</u>, 504 U.S. 25, 34 (1992); <u>Alston v. Parker</u>, 363 F.3d 229 (3d Cir. 2004)(complaint that satisfied notice pleading requirement that it contain short, plain statement of the claim but lacked sufficient detail to function as a guide to discovery was not required to be dismissed for failure to state a claim; district court should permit a curative amendment before dismissing a complaint, unless an amendment would be futile or inequitable); <u>Grayson v. Mayview State Hospital</u>, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); <u>Shane v. Fauver</u>, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); <u>Urrutia v. Harrisburg County Police Dept.</u>, 91 F.3d 451, 453 (3d Cir. 1996).

### III.  SECTION 1983 ACTIONS

Plaintiff appears to bring this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights guaranteed under the United States Constitution. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within

4

> the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

## IV. ANALYSIS

Here, Gourdine appears to assert a claim of ineffective assistance of counsel against his attorney Scarillo. However, this defendant is not subject to liability under § 1983 because he is not a state actor. Whether defendant is a public defender, privately-retained, or a "pool" attorney appointed by the court, counsel does not act under color of state law when representing a client. See Polk Co. v. Dodson, 454 U.S. 312, 325 (1981) (a public defender performing a lawyer's traditional functions as counsel to a defendant, such as determining trial strategy and whether to plead guilty, is not acting under color of state law); Thomas v. Howard, 455 F.2d 228 (3d Cir. 1972) (court-appointed pool attorney does not act under color of state law); Steward v.

Meeker, 459 F.2d 669 (3d Cir. 1972)(privately-retained attorney not state actor).

However, even if Gourdine had pleaded facts establishing that defendant was acting under color of state law, the allegations in the Complaint assert nothing more than a violation of Plaintiff's right to effective assistance of counsel. Such a claim must first be raised in Plaintiff's ongoing state criminal case; a federal court generally will not intercede to consider issues that the plaintiff has an opportunity to raise before the state court. See Younger v. Harris, 401 U.S. 37 (1971).

Moreover, to the extent that Gourdine's state criminal trial is no longer pending, and Gourdine has been convicted and sentenced on the state charges, any claim of ineffective assistance of counsel in this regard must first be exhausted via state court remedies, *i.e.*, by direct appeal or other available state court review; and then, if appropriate, by filing a federal habeas application to assert any violations of federal constitutional or statutory law, namely, his claim of ineffective assistance of counsel. See Murray v. Carrier, 477 U.S. 478, 488-89 (1986). Here, there is no indication that a judgment of conviction has been formally entered in his state court proceedings. In the event that a judgment of conviction has been issued, it is obvious from the pleading that no direct appeal or

6

any collateral review has been undertaken by Plaintiff in state court.

Therefore, because defendant was not acting under color of state law when representing Gourdine, and because any claim of ineffective assistance of counsel must be asserted under a federal habeas petition after Plaintiff has been convicted and exhausted his state court remedies, the Complaint asserting liability under § 1983 will be dismissed for failure to state a claim at this time, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

Finally, this Court finds that no diversity jurisdiction exists in this matter if Plaintiff's claim was construed simply as a breach of contract or negligent representation claim under state law. Gourdine can bring such common law claims in federal district court pursuant to 28 U.S.C. § 1332(a), if the matter in controversy exceeds the sum or value of $75,000, and is between citizens of different states. It has long been recognized that, to found jurisdiction upon § 1332, there must be complete diversity among all parties, *i.e.*, each plaintiff must be a citizen of a different state from <u>each</u> defendant. <u>Owen Equipment and Erection Co. V. Kroger</u>, 437 U.S. 365, 373 (1978). In particular, if a sole plaintiff and any one of several defendants are citizens of the same state, complete diversity is lacking and

the action would have to be dismissed for lack of jurisdiction. Id.

Here, there does not appear to be diversity of jurisdiction between the plaintiff and defendant. Gourdine alleges that defendant's address is located in West Caldwell, New Jersey, which shows that defendant is either doing business in New Jersey or resides in New Jersey. Moreover, it is unclear whether or not Plaintiff's claim exceeds $75,000 in damages as required under § 1332(a). Therefore, because complete diversity appears to be lacking, the Court has no subject matter jurisdiction over any state law claim that may be construed from the Complaint against this defendant, pursuant to 28 U.S.C. § 1332(a). Plaintiff may seek to reopen this case if he can show facts to support diversity jurisdiction.

## V. CONCLUSION

Therefore, for the reasons expressed above, the Court will dismiss the Complaint without prejudice at this time for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). To the extent that Plaintiff may be alleging state law claims only as against the defendant, the Complaint is dismissed for lack of subject matter jurisdiction. An appropriate Order follows.

                                                             */s/ Jose L. Linares*  
                                                             JOSE L. LINARES  
Dated: 10-9-07                               United States District Judge